EMILIO NÚÑEZ, Plaintiff and Appellant, *v.* SERAFÍN RODRÍGUEZ ROLÁN, Defendant and Appellee.

No. R-62-288.     Decided September 30, 1963.

*Rivera Zayas, Rivera Cestero & Rúa,* and *Antonio Montalvo Nazario* for appellant. *César A. Montilla* for appellee.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM: Emilio Núñez, plaintiff-appellant herein, filed in the Superior Court, San Juan Part, an action for damages alleging substantially that on June 27, 1961 Serafín Rodríguez Rolán, defendant-appellee herein, terminated the landlord-tenant relationship existing between them in connection with certain business premises located on Ponce de León Avenue, in Santurce, and had demanded that he vacate them because he proposed to occupy them himself or to demolish them within a period of six months; that in compliance with such demand, plaintiff "proceeded perforce to liquidate his inventory, having been compelled to close out his commercial establishment and to discontinue the normal operation of his business"; that subsequently, on January 22, 1962, defendant informed plaintiff that he had sold the real property 10 days previously to a third person; and that these actions of defendant in violation of the provisions of the Reasonable Rents Act caused him losses in his business amounting to $4,851.32, recovery of which is claimed.

The complaint was demurred to on the ground that it did not state a claim to warrant the granting of relief. It was so agreed by the trial court in a brief order which in its pertinent part states that the relief sought is not provided in the Act *supra*. Accordingly, it rendered judgment

dismissing the complaint. To review the same we issued the corresponding writ.

Section 12-J, added to the Reasonable Rents Act, 17 L.P.R.A. § 202, by Act No. 201 of May 14, 1948 (Sess. Laws, p. 574), imposes certain criminal liability where the lessor, among other things, causes the lessee *to vacate* a dwelling or business premises through judicial proceedings or otherwise, through deceit, threat, or violence, or notice of any judicial action.[1] In *Martínez* v. *Llavat,* 86 P.R.R. 223 (1962), we said that the absence of an express provision imposing civil liability on the lessor for the culpable acts mentioned in that section does not bar the exercise of proper action to claim the resulting damages. To that effect we made it clear that "although the relations of the plaintiff and defendants arise originally from a lease contract, the acts which are prejudicial to plaintiff and which are the object of the action were not prejudicial as respects their noncompliance, but as respects culpable noncompliance with the provisions of the Rents Act which guarantee tenant's right." However, neither § 12-J nor the doctrine of *Martínez* v. *Llavat, supra,* is strictly applicable to the situation under consideration, since as it appears from the allegations—which is all we must consider in order to determine the existence of a claim to warrant the granting of relief—plaintiff does not say whether he *vacated* the premises,[2] but merely that he was compelled to close out the commercial establishment and to discontinue the normal operation of his business.

---

[1] Evidently it refers to the notice required by the second and fifth paragraphs of § 12-B of the Reasonable Rents Act, 17 L.P.R.A. § 194.

[2] In the opposition filed by appellee against the issuance of the writ it is alleged that the letter concerning the sale of the leased property was sent to plaintiff and received by him prior to the date the tenant vacated the premises in question, as allegedly admitted at the hearing of the motion for dismissal. Such fact has not been established, as sought by the appellee, because the stenographer did not take down the incidences of that hearing.

Yet, it is no less true that the Act guaranteed to plaintiff the right to continue occupying the leased premises—§ 12 of the Reasonable Rents Act, 17 L.P.R.A. § 192[3]—and that defendant allegedly interfered with this right by demanding that he vacate for two of the reasons which by exception are recognized for the purpose of terminating a lease contract. In view of an impending eviction, plaintiff chose to liquidate his business and to surrender the possession, since according to the applicable legal provisions the defendant lessor may refuse the compulsory extension whenever he desires the premises for himself or for demolition. Since this is so, it may be asserted that in the absence of a satisfactory explanation, the subsequent act of selling the leased real property at the time of demanding that it be vacated for other reasons, constitutes a culpable act which gives rise to a cause of action. All will depend definitively on the evidence offered on the concurring circumstances. It cannot be said, therefore, that the absence of a claim warranting the granting of relief may be deduced from the allegations of the complaint.

The judgment rendered by the Superior Court, San Juan Part, on October 22, 1962, will be reversed and the case remanded for further proceedings consistent with this opinion.

---

[3] It must be observed that the extension of the lease contract is compulsory "irrespective of any change of landlord or nominal lessor."